

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Bob Armstrong
Commissioner
General Land Office
Austin, Texas    78701

Opinion No. MW-591

Re: Whether name of person or
entity nominating a tract of
land to be put up for lease
by the School Land Board at
lease sale is open to public

Dear Mr. Armstrong:

Chapter 52 of the Natural Resources Code empowers the School Land
Board to conduct mineral lease sales, at which the mineral rights to
tracts of state-owned land are made available for lease. We
understand that private individuals and companies, the School Land
Board itself, and the General Land Office may nominate tracts of land
to be included on the list of tracts, the mineral rights to which are
offered for lease at these lease sales.

You recently asked this office to render a decision under the
Open Records Act, article 6252-17a, V.T.C.S. You asked whether you
must disclose to a private attorney the identity of the person,
company, or entity which had requested the School Land Board to
include a certain tract of land on the list of tracts to be leased for
mineral rights at a forthcoming lease sale. This lease sale was held
four days after we received your request letter.

Since we had not received all the relevant information pertaining
to this matter before the lease sale was held, we could not respond to
your request before that date. Normally, the elimination of the basis
for a request under the Open Records Act moots the request. In this
instance, however, your letter clearly indicates that you are more
interested in knowing how to deal generally with this kind of request
than you were in being advised as to how to handle this particular
request. We will, therefore, treat your inquiry as a request for an
attorney general opinion regarding the availability of the identities
of those who nominate tracts to be leased by the School Land Board at
mineral lease sales, rather than as an open records decision regarding
the availability of the identity of a particular nominator.

We understand that the procedure for leasing state lands for
minerals is essentially as follows. The School Land Board sets a date

for a mineral lease sale. It then notifies interested parties of the sale and invites them to nominate tracts of land to be put up for lease. As we have already noted, the School Land Board and the General Land Office, as well as private individuals and companies, are eligible to nominate tracts. When a tract is nominated, the Land Office checks it to ensure that it is free of encumbrances which would make it unavailable for lease. After the deadline for nominations has passed, the Land Office mails to various interested parties a Notice of Bids, which describes each tract and discusses the terms under which it will be leased. The sealed bids which are sent to the Land Office in response to this notice are opened at the beginning of the School Land Board meeting which is held on the morning of the sale and are then read to the public.

In your letter, you advanced several arguments for treating as confidential the identities of those who nominate tracts of land for lease. You contend that sections 3(a)(4), 3(a)(10), and 3(a)(11) of the Open Records Act, article 6252-17a, V.T.C.S., authorize you to withhold this information. In view of our disposition of this matter, we need only consider section 3(a)(4), which excepts from required public disclosure "information which, if released, would give advantage to competitors or bidders."

For purposes of our discussion of section 3(a)(4), we deem it useful to subdivide the class of potential nominators of tracts of land into two subclasses: (1) those who may (and likely will) themselves bid for the mineral rights to the tract which they nominate, i.e., private individuals and companies, and (2) those who will not do so, i.e., the School Land Board and the General Land Office. In our opinion, the identities of those in the former group may clearly be withheld from disclosure under section 3(a)(4). This office has previously recognized that "information concerning the identity of those who have submitted bids (before the last day of bidding), would be of advantage to other competitors or bidders...." Open Records Decision No. 46 (1974). See Open Records Decision No. 170 (1977). The policy reason for withholding the identities of bidders is obvious. Merely knowing the identities of other bidders could furnish a bidder with insights concerning the others' competitive capabilities which he may then use in structuring his own bid. Thus, if, when the Land Office receives a request for the identity of a nominator, that nominator has already bid on the tract which he nominated, his identity may be withheld under Open Records Decision No. 46. He would then be a "bidder" and disclosure of his identity could harm him, particularly since the identities of other bidders for the same mineral rights for which he bid may be withheld. Furthermore, even if a nominator has not yet bid when his identity is requested, we conclude that his identity may be withheld. We understand that individuals and companies which nominate tracts for lease usually bid for the mineral rights to those tracts. Thus, even

if a nominator has not yet bid on the tract which he nominated, he will likely do so in the future.  Therefore, because the likelihood that he will bid is substantial and because by the time he does bid it will be too late to preserve his identity, the identity of a nominator must be protected even before he bids.

The question of the availability of the identities of nominators who will not bid for the mineral rights to the tracts which they nominate, i.e., the School Land Board and the General Land Office, is more difficult.  Nevertheless, we conclude that their identities may be kept secret as well.

The information which we have obtained about the practice in the industry indicates that knowledge of the fact that a private party, as opposed to the School Land Board or the General Land Office, has nominated a particular tract for lease may well furnish an important clue as to the value of the mineral rights to that tract.  To be more specific, such information would suggest that those mineral rights are more valuable than one might have assumed if the Land Board or Land Office had nominated the tract.  If we were to hold that the identities of private parties who nominate tracts may be withheld, but that the fact that the School Land Board or General Land Office nominated a tract must be released, the result would be as follows.  A requestor who asks for the identity of the nominator of a particular tract will know, once he is told that this information is confidential, that neither the School Land Board nor the General Land Office nominated that tract.  In other words, he will know that a private individual or company nominated it.  While we understand that the value of tracts of state-owned land is already generally known throughout the industry, the fact remains that it is not inconceivable that someone could acquire information about a particular tract which is unknown to others, information which suggests that the tract is especially valuable, and then, acting on the strength of that information, nominate that tract for lease in order to bid for the mineral rights to it.  The legitimate competitive edge which his information would have afforded him would be lost to some extent if it became known that a private party, rather than the state, nominated the tract.  Competitors who might otherwise have thought the tract worthless might enter the field and bid for the mineral rights to that tract; at the very least, they might endeavor to determine whether their original assessment of the tract's value was incorrect.  Those who have already bid on the tract might adjust their bids.  In short, public disclosure of the fact that the state did not nominate a particular tract of land for lease may afford a competitive advantage to "competitors or bidders" by placing at a competitive disadvantage the party which did nominate that tract.

We therefore conclude that the identity of anyone who nominates a tract of land to be leased for mineral rights at lease sales conducted

by the School Land Board may be withheld from public disclosure until the deadline for bidding on that tract has passed.   Once the deadline has passed, this information must be released.

### S U M M A R Y

Section 3(a)(4) of the Open Records Act excepts from required public disclosure the identity of anyone who nominates tracts of state-owned land to be included on the list of tracts, the mineral rights to which are leased by the School Land Board at lease sales conducted under chapter 52 of the Natural Resources Code.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood